IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN B. EASTMAN**, | ) | CIVIL ACTION NO. 19-577 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **BRANDON SMITH,** *Blackhawk School District Technology Instructor, in his individual capacity*. | ) | |
| | ) | |
| Defendant. | | |

## **OPINION**

Pending before the court is a motion to dismiss the amended complaint (ECF No. 20), filed by defendant Brandon Smith ("Smith" or "defendant"), with brief in support. Plaintiff Nathan Eastman ("Eastman" or "plaintiff") filed a brief in opposition and the motion is ripe for decision.

Factual and Procedural Background

At a hearing on July 23, 2019, the court granted Smith's motion to dismiss the original complaint filed in this case, but granted Eastman leave to file an amended complaint. Eastman did so, and Smith renewed his motion to dismiss.

The facts are taken from the amended complaint (ECF No. 19). This case arose out of an incident on April 30, 2015. At the time, Eastman was a minor high school student. Smith was the Industrial Technology teacher at Blackhawk High School. Eastman was building a wooden

canoe in the industrial materials classroom at Smith's direction. Smith instructed Eastman to use a 2-inch forstner bit on a Clausing drill press. The spring retraction on the drill press was broken. Eastman had not used this drill press to drill wood before this incident. Smith did not provide instructions for securing the clamp to the table or blocking the clamp from moving. Smith was working on a mower with his back turned.

Newly alleged in the amended complaint, Smith knew that the drill press would not retract automatically and had specifically advised the students to be aware that they would manually have to raise the drill. Amended Complaint ¶ 9. A second drill press that would retract automatically was available in the classroom. Amended Complaint ¶ 10. "Nonetheless, Smith instructed Eastman to use the broken Clausen drill press that he knew would not retract automatically." Amended Complaint ¶ 11. Smith was aware that the use of the forstner bit to remove the sliver of wood between the holes in the canoe was not an intended use of the bit, but instructed Eastman to use it anyway. Amended Complaint ¶ 22.

As Eastman attempted to use the drill press, the wood began shaking and pulled his hand into the drill bit. When he let go, the drill bit did not retract because of the broken spring mechanism. Eastman suffered severe injuries to his hand and wrist. Plaintiff asserts one claim under 42 U.S.C. § 1983 based on a "state-created danger" theory.

Standard of Review

> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." But detailed pleading is not generally required. The Rules demand "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

> face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n. 27 (3d Cir. 2010). Although the plausibility standard "does not impose a probability requirement," *Twombly,* 550 U.S. at 556, it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal,* 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and internal quotation marks omitted). The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.
>
> Under the pleading regime established by *Twombly* and *Iqbal,* a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

*Connelly v. Lane Const. Corp*., 809 F.3d 780, 786-87 (3d Cir. 2016). At the final step, the court is to assume all well-pled allegations to be true, construe those allegations in the light most favorable to the plaintiff, draw all reasonable inferences from them in favor of plaintiff, and ask whether they "raise a reasonable expectation that discovery will reveal evidence" to support the legal claim being asserted. *Id.* at *7.

Legal Analysis

Defendant argues that the amended complaint continues to allege mere negligence, rather than conduct that "shocks the conscience"; that a teacher is immune from liability under 42 Pa. Cons. Stat. §§ 8541, 8545; and that plaintiff cannot recover punitive damages. Plaintiff contends

he stated a valid claim and that defendant is not entitled to immunity from a § 1983 claim. Plaintiff stipulates to striking his request for punitive damages.

A.  Immunity

Defendant is not entitled to immunity. The Pennsylvania immunity statute is effective against a state tort claim, but has no force when applied to federal claims under the Civil Rights Acts. The supremacy clause of the Constitution prevents a state from immunizing entities or individuals alleged to have violated federal law. *Wade v. City of Pittsburgh*, 765 F.2d 405, 407 (3d Cir. 1985).[1]

B.  Prima Facie Case

In *Bright v. Westmoreland County*, 443 F.3d 276 (3d Cir. 2006), the court set forth the essential elements of a meritorious "state-created danger" claim:

(1) "the harm ultimately caused was foreseeable and fairly direct;"

(2) a state actor acted with a degree of culpability that shocks the conscience;

(3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts," or a "member of a discrete class of persons subjected to the potential harm brought about by the state's actions," as opposed to a member of the public in general; and

(4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Id*. at 281–82. The court explained:

> It is important to stress, for present purposes, that under the fourth element of a state-created danger claim, "[l]iability under the state-created danger theory is predicated upon the states' affirmative acts which work to the plaintiffs'

---

[1] Smith conclusorily raised a qualified immunity defense based on *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1368 (3d Cir. 1992), but did not develop this argument. (ECF No. 21 at 14).

> detriments in terms of exposure to danger." *D.R. by L.R. v. Middle Bucks Area Vo. Tech. School*, 972 F.2d 1364, 1374 (3d Cir.1992) (en banc ) (emphasis supplied); *Brown v. Grabowski*, 922 F.2d 1097, 1100–01 (3d Cir.1990) (finding that *DeShaney* holds "that a state's failure to take affirmative action to protect a victim from the actions of a third party will not, in the absence of a custodial relationship ... support a civil rights claim"). It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause.

*Id*. at 282 (recognizing that the line between action and inaction is not always clear).

Defendant claims conclusorily that plaintiff did not meet any of the elements of the prima facie case (ECF No. 21 at 10), but his legal argument addresses only the "shocks the conscience" element. In *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008), the court of appeals summarized the continuum of conduct required to "shock the conscience":

> "[t]he level of culpability required to shock the conscience increases as the time state actors have to deliberate decreases." *Id*. at 306. We then concluded that although intent to cause harm must be found in a "hyperpressurized environment," where officials are afforded the luxury of a greater degree of deliberation and have time to make "unhurried judgments," deliberate indifference is sufficient to support an allegation of culpability. *Id*. We further noted "the possibility that deliberate indifference might exist without actual knowledge of a risk of harm when the risk is so obvious that it should be known." *Id*. Finally, where the circumstances require a state actor to make something less exigent than a "split-second" decision but more urgent than an "unhurried judgment," i.e., a state actor is required to act "in a matter of hours or minutes," a court must consider whether a defendant disregarded a "great risk of serious harm rather than a substantial risk." *Id*.
>
> Therefore, under *Sanford*, three possible standards can be used to determine whether state action shocked the conscience: (1) deliberate indifference; (2) gross negligence or arbitrariness that indeed shocks the conscience; or (3) intent to cause harm. 456 F.3d at 306.

*Id.* at 240–41. Because the amended complaint alleges that Smith had time to make an unhurried judgment, a finding that he acted with deliberate indifference would support the claim. The "shocks the conscience" standard is nevertheless difficult and encompasses "only the most egregious official conduct." *United Artists Theater Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003).

In *Lichtenstein v. Lower Merion School District*, No. CV 16-5366, 2017 WL 525889, at *7 (E.D. Pa. Feb. 8, 2017), the court denied a motion to dismiss a similar claim brought by a special needs student who was injured while being transported to the high school pool. The court explained that the complaint adequately pleaded deliberate indifference by alleging that school personnel were aware of the chair's poor condition and the harm that could result to the student if it were to break. The court noted that defendants conceded that if they continued to use the chair to transport the student after it had broken, their position would be weaker.

The allegations of the amended complaint in this case, construed in the light most favorable to Eastman, are similar to the claim that survived dismissal in *Lichtenstein* and satisfy every element of the *Bright* prima facie case. The amended complaint adequately alleges that: (1) the harm ultimately caused to Eastman was foreseeable and fairly direct; (2) Smith's direction for Eastman to use a drill that Smith knew was broken (when an unbroken drill was readily available) shocks the conscience; (3) an authoritative classroom relationship existed such that Eastman was a foreseeable victim of Smith's acts; and (4) Smith affirmatively used his authority by directing Eastman to use the broken drill in a way that created a danger to Eastman or rendered him more vulnerable to danger than had Smith not acted at all. *Accord Cuvo v. Pocono Mountain Sch. Dist.*, No. 3:18-CV-01210, 2019 WL 1424524, at *6 (M.D. Pa. Mar. 29, 2019) (plaintiffs adequately pled the elements of a state-created danger claim where wrestling coaches forced students to play tackle football without protective equipment while at wrestling practice).

The court recognizes that whether Smith's conduct "shocks the conscience" is ultimately a question of law for the court to decide. *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004). It will be important, however, to resolve that question, and the viability of plaintiff's state-created-danger claim, based on a fully developed factual record. *See*

*Lichtenstein*, 316 F.Supp.3d at 855 (granting the school defendants' motion for summary judgment after denying a motion to dismiss). At this stage of the case, the court concludes that Eastman's amended complaint states a viable claim.

Conclusion

For the reasons set forth above, the motion to dismiss the amended complaint (ECF No. 20), will be DENIED.

An appropriate order follows.

                                                        /s/ Joy Flowers Conti
                                                        Joy Flowers Conti
                                                        Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN B. EASTMAN**, | ) | CIVIL ACTION NO. 19-577 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **BRANDON SMITH,** *Blackhawk School District Technology Instructor, in his individual capacity*. | ) | |
| | ) | |
| Defendant. | | |

## **ORDER**

AND NOW, this 11th day of October, 2019, in accordance with the accompanying opinion, IT IS ORDERED that defendant's motion to dismiss the amended complaint (ECF No. 20), is DENIED.

        /s/ Joy Flowers Conti
        Joy Flowers Conti
        Senior United States District Judge